IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COREY SCHOENROCK,

                Plaintiff,                        OPINION AND ORDER

      v.                                             12-cv-395-bbc

STATE OF WISCONSIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Corey Schoenrock has filed a pro se complaint against the State of Wisconsin, alleging violations of his civil rights. Plaintiff has been granted leave to proceed in forma pauperis and the complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

      In screening any pro se litigant's complaint, the court must construe his claims generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). In this case, however, even a generous reading does not allow me to find that the proposed complaint states a claim. I will deny leave to proceed at this time but give plaintiff an opportunity to amend his pleadings.

ALLEGATIONS OF FACT

Plaintiff is a resident of Amherst Junction, which is located in Portage County, Wisconsin.  He was treated at "Saint Michael['s] Hospital" within "the last six months" in connection with a "domestic violence incident."  Plaintiff made statements "about the case" to an unidentified nurse but "[e]verything was being deleted" while she typed.  Plaintiff contends that, by deleting the unspecified information, the nurse violated his rights.

Plaintiff was treated at Saint Michael's Hospital for "severe head trauma" previously, when he was a minor.  Plaintiff has been "harassed by law enforcement regularly every year since [he] received a driver's license," which he keeps losing due to "the same crime."

OPINION

Plaintiff contends that Saint Michael's Hospital has conspired with the state of Wisconsin. Plaintiff asks this court to arrest "Jeromey Lowsinski" for "conspiracy to attempt to assassinate [plaintiff]."  Plaintiff also asks the court to allow him to file suit against the State of Wisconsin "for letting the receptionist at Saint [Michael's] Hospital violate [plaintiff's] rights not just as a minor but [by] deleting [his] statements to a nurse in [his] most recent visit."

Plaintiff is proceeding under the federal in forma pauperis statute, 28 U.S.C. § 1915(e), which requires the court to review his pleadings and dismiss a complaint "at any time" if the reviewing court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a

2

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). A pro se complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible," Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citing Neitzke, 490 U.S. at 325), or when it is not possible to make out a claim.

Plaintiff's allegations do not make out any claim of wrongdoing of any kind against the state of Wisconsin. He alleges that the state conspired against him, but he does not say what the object of the conspiracy was or what acts were taken by the alleged conspirators. He alleges that Jeromy Losinski tried to assassinate him, but he does not explain why he wants to sue the state of Wisconsin for Losinski's actions.

Plaintiff's complaint does not meet the minimal pleading requirements found in the federal rules. It does not give the state of Wisconsin a "short and plain statement of the claim," as required under Fed. R. Civ. P. 8, so that the state would know what plaintiff is accusing it of doing or failing to do and be able to file an answer." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006).

Plaintiff lists the State of Wisconsin as the only defendant, but the state cannot be sued for violating plaintiff's constitutional rights, if this is what plaintiff is alleging. He has not made it clear that he is accusing the state of a violation of his constitutional rights.

Because plaintiff's conspiracy complaint does not comply with Fed. R. Civ. P. 8, the court will dismiss it without prejudice. Plaintiff will be afforded an opportunity to submit

an amended complaint that complies with Fed. R. Civ. P. 8, as instructed further below.

If plaintiff wishes to proceed with his claims he must file an amended complaint in which he identifies the persons he wishes to sue. He should explain why he thinks he is entitled to relief from each person he wishes to sue. The court has no way of knowing what happened to him except from what he says.

Plaintiff may have thirty days in which to file an amended complaint. If he does not file such a complaint, this action will be dismissed.

Plaintiff should label his proposed amended complaint "Amended Complaint" and use the same docket number shown on this case: 12-cv-395-bbc.

ORDER

IT IS ORDERED that

1. Plaintiff Corey L. Schoenrock's complaint is DISMISSED for failure to state a claim against the state of Wisconsin.

2. Plaintiff may have until August 31, 2012 in which to file an amended complaint that states clearly who he is trying to sue, why he thinks that party has violated plaintiff's constitutional rights and what he wants as a remedy for the violation. If he fails to filed an amended complaint, the clerk's office is

directed to dismiss this case.

Entered this 31st day of July, 2012.

                                                  BY THE COURT:
                                                  /s/
                                                  BARBARA B. CRABB
                                                  District Judge