IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COREY SCHOENROCK,

                Plaintiff,                          OPINION AND ORDER

       v.                                           12-cv-395-bbc

STATE OF WISCONSIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 31, 2012, I dismissed the complaint filed by plaintiff Corey Schoenrock against the State of Wisconsin for failure to state a claim. Because the complaint made vague allegations of a conspiracy to violate plaintiff's civil rights, however, I gave plaintiff a chance "to file an amended complaint that states clearly who he is trying to sue, why he thinks that party has violated plaintiff's constitutional rights and what he wants as a remedy for the violation." In response, plaintiff has filed a pleading entitled "allegation of fact," dkt. # 5, which I will construe as his amended complaint.

Because plaintiff has been granted leave to proceed in forma pauperis, the amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

1

In screening any pro se litigant's complaint, the court must construe his claims generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). In this case however, plaintiff's complaint does not state a valid claim, even when given a generous reading.

ALLEGATIONS OF FACT

In his original complaint, plaintiff referred to treatment he received at Saint Michael's Hospital following a "domestic violence incident." He also mentioned treatment that he received for "severe head trauma" on a previous occasion and he stated that his rights were violated at that time. He alleged that a person named Jeremy Losinski was responsible for those injuries, but he gave no other details about what happened or when this incident occurred.

In his amended complaint, plaintiff alleges that he was treated at Saint Michael's Hospital on June 24, 2001, for a head injury he sustained while swimming at Lake Emily Park in Amherst, Wisconsin, that the injury was caused by one Jeremy Losinski, who threw a rock at him while he was under water, but that the hospital never called law enforcement to alert it to the circumstances of his injury. Plaintiff contends that the hospital's failure to call law enforcement violated his civil rights and makes it liable to him for punitive damages.

OPINION

Plaintiff is proceeding under the federal in forma pauperis statute, 28 U.S.C. § 1915(e). As noted above, a pro se complaint is subject to dismissal as "frivolous," that is,

if it lacks an arguable basis in fact or law. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). I conclude that plaintiff's proposed complaint is frivolous because plaintiff has not stated any facts in the complaint that would show he is entitled to relief under any theory of law.

A plaintiff may sue in federal court only if he can show that he and the defendants are citizens of different states or if he is suing under a federal law. Plaintiff does not identify the state of which he is a citizen so I assume he is suing under a federal law. The most probable one is 42 U.S.C. § 1983, which authorizes federal courts to hear suits against persons who act "under color of law" to deprive persons of rights guaranteed them by the United States Constitution or federal law. Persons acting "under color of law" include state or municipal officials or employees or other persons who either act under the authority of the government or act in conjunction with governmental officials or employees. Under this law, plaintiff could sue a police officer if he thought the police officer violated his civil rights, but he cannot sue a private party unconnected to the government in any way.

Plaintiff's amended complaint does not make out a claim against Saint Michael's Hospital under 42 U.S.C. § 1983. He has not alleged facts from which this court could infer that the hospital or any one of its employees was acting "under color of law" when they failed to call law enforcement to report plaintiff's injury, even supposing that anyone at the hospital had a duty to make such a call. He has not even alleged that anyone at the hospital knew the cause of his injury.

There is one other potential problem with plaintiff's complaint. It appears that he waited too long to bring his claim. Under Wis. Stat. § 893.53, a person seeking damages for

a personal injury must bring suit within six years of the injury. Gray v. Lacke, 885 F.2d 399, 407-08 (7th Cir. 1989). It has been more than eleven years since plaintiff suffered the injury to his head and the hospital allegedly failed to alert law enforcement to the alleged attack. Because the statute of limitations defense is one that defendant can waive, I will not dismiss plaintiff's proposed complaint on this ground.

ORDER

IT IS ORDERED that

1. The amended complaint filed by plaintiff Corey L. Schoenrock against Saint Michael's Hospital is DISMISSED for failure to state a claim.

2. The clerk's office is directed to close this case.

Entered this 4th day of September, 2012.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge